**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANGELA WALTERS,**

> **Plaintiff,**

**v.**

**LUX CONSTRUCTION, LLC d/b/a
LUX FOUNDATION SOLUTIONS**

> **Defendant.**

ELECTRONICALLY
FILED
8/15/2023
U.S. DISTRICT COURT
Northern District of WV

Civil Action No.: 3:23-cv-189

Judge: Groh

---

## COMPLAINT

---

COMES NOW the Plaintiff, Angela Walters, by Hendrickson & Long, PLLC and for her complaint against LUX Construction, LLC d/b/a LUX Foundation Solutions states as follows:

### Parties

1.    At all times relevant, Plaintiff, Angela Walters, was a resident of Summit Point, Jefferson County, West Virginia.

2.    At all times relevant, Defendant, LUX Construction, LLC d/b/a LUX Foundation Solutions ("Defendant"), was a Virginia limited liability company with its principal place of business located at 1114 Fairfax Pike, Ste. 108, White Post, Virginia 22663.

### Jurisdiction and Venue

3.    The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of West Virginia.

## General Allegations

All allegations contained herein are made upon personal knowledge and/or upon information and belief.

5.    In 2017, Plaintiff was informed she had foundation issues at her residence located at 72 Dusty Lane, Sumit Point, West Virginia 25446 ("Residence").

6.    Plaintiff contacted Defendant regarding the issues with her Residence's foundation to determine the extent of the issues.

7.    Defendant's employees and representatives inspected the foundation of Plaintiff's Residence.

8.    Defendant's employees and representatives represented to Plaintiff that its personnel at the experience and knowledge necessary to diagnosis the issues with the Residence's foundation.

9.    Defendant's employees and representatives told Plaintiff that the foundation of her Residence could be repaired such that it was level, stable and secure.

10.    Defendant's employees and representatives told Plaintiff that Defendant's foundation work came with a lifetime warranty.

11.    Defendant's employees and representatives prepared a plan that they represented to Plaintiff would level, stabilize and secure the foundation.

12.     Based upon the representations of Defendant's employees and representatives, Plaintiff entered into a contract with Defendant on or about June 9, 2017 wherein Defendant was to level, stabilize and secure the foundation of her Residence ("Contract").

13.     In accordance with the contract, Defendant was to furnish labor, materials, equipment and supervision necessary to level, stabilize and secure the foundation of Plaintiff's Residence.

14.     Defendant was to have an engineer to review its plans for Plaintiff's Residence providing calculation and drawings for Defendant's work on Plaintiff's Residence.

15.     Defendant retained Soil & Structure Consulting, Inc. to perform this work.

16.     Defendant's employees and representatives, upon the completion of Defendant's work, represented to Plaintiff that the work was completed in a good and workmanlike manner such that the foundation had been leveled, stabilized and secured.

17.     Plaintiff justifiably believed that Defendant completed its work in a good and workmanlike manner such that the foundation of her Residence was level, stable and secure.

18.     In 2023, Plaintiff decided to renovate the kitchen of her Residence.  When doing so, Plaintiff was informed of serious foundation problems that would prevent Plaintiff from moving forward with the renovation.

19.     Plaintiff contacted Defendant regarding the deficiencies with its work on her Residence's foundation asking that Defendant remedy the same.

20.     In May 2023, Defendant's Alex Stieb came to Plaintiff's residence and inspected Defendant's work.  Mr. Stieb made what he said was tweaks to Defendant's previous work. Thereafter, he informed Plaintiff that the foundation was stable and secure requiring no additional work.

21.    In 2023, Mr. Stieb informed Plaintiff that her foundation would never be completely level as her Residences was old.  He said the kitchen contractor should simply use floor leveler to level the floor.

### Count I
### Breach of Contract

22.    Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of this Complaint, as though set-forth verbatim herein.

23.    On or about June 9, 2017, Plaintiff and Defendant entered into the Contract.

24.    Under the Contract, Defendant was to level, stabilize and secure the foundation of Plaintiff's Residence.

25.    Under the Contract, Defendant was to obtain and provide all required engineering documents and permits for the work on the Residence's foundation.

26.    Under the Contract, Defendant was to complete its work in accordance with all relevant building codes.

27.    Under the Contract, Defendant was to install posts and footings in accordance with the final engineering.

28.    Under the Contract, Defendant was to complete its work in a good and workmanlike manner.

29.    Defendant breached the Contract by failing to: (a) level, stabilize and secure the foundation of Plaintiff's Residence; (b) obtain and provide all required permits; (c) complete its work in accordance with all relevant building codes; (d) complete its work in accordance with the final engineering documents provided by Soil & Structure Construction, Inc.; (e) failing to complete its work in a good and workmanlike manner.

30.    Plaintiff complied with all her obligations under the Contract.

4

31.     As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has suffered – and continues to suffer – damages in an amount within the jurisdictional limits of this Court, which Plaintiff now seeks to recover by this suit.

**Count II**
**Negligence**

32.     Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of this Complaint, as though set-forth verbatim herein.

33.     Defendant owed a duty to Plaintiff to design remedial measures sufficient to level, stabilize and secure the foundation of Plaintiff's Residence.

34.     Defendant owed a duty to Plaintiff to complete its work on the foundation of Plaintiff's Residence in a good and workmanlike manner.

35.     Defendant owed a duty to Plaintiff to complete its work on the foundation of Plaintiff's Residence in accordance with any and all relevant building codes.

36.     Defendant breached the duties it owed Plaintiff by failing to: (a) design remedial measures sufficient to level, stabilize and secure the foundation of Plaintiff's Residence; (b) complete its work on the foundation of Plaintiff's Residence in a good and workmanlike manner; and (c) complete its work on the foundation of Plaintiff's Residence in accordance with all relevant building codes.

37.     As a direct and proximate result of Defendant's negligence and breach of the relevant duty of care, Plaintiff has suffered damages for which she is entitled to compensation.

38.     Defendant is liable to Plaintiff for the physical damages, annoyance, and inconvenience she suffered as a direct and proximate result of Defendant's negligent acts and omission in the repairs to the foundation of Plaintiff's Residence.

## Count III
## Unjust Enrichment

39.     Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of this Complaint, as though set-forth verbatim herein.

40.     Plaintiff conferred a benefit on Defendant in the form of payments for services and materials.

41.     Defendant accepted and retained the benefits in the form of payments and realized a benefit therefrom.

42.     Defendant accepted and retained the benefits supplied by Plaintiff under such circumstances as to make it inequitable for Defendant to retain said benefits without tendering the services and materials for which Plaintiff paid.

43.     To date, Defendant has not tendered the services and materials for which Plaintiff paid.

44.     Plaintiff is entitled to recover the cost of placing the foundation of Plaintiff's Residence in the condition it would have been had Defendant provided the services and material for which Plaintiff paid.

45.     As direct and proximate result of Defendant's failure and/or refusal to provide the services and materials for which Plaintiff has paid, Plaintiff has suffered and continues to suffer damages in an amount within the jurisdictional limits of this Court, which Plaintiff now seeks to recover by this suit.

46.     All conditions precedent to Plaintiff's claim for unjust enrichment have been performed or have occurred.

## Count IV
## Fraud and Misrepresentation

47.    Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of this Complaint, as though set-forth verbatim herein.

48.    Defendant made certain representations in order to induce Plaintiff to enter into a contract for the purchase of its services to level, stabilize and secure the foundation of Plaintiff's Residence.

49.    These representations include, but are not limited to: (a) that Defendant had the experience, knowledge and necessary to diagnosis the issue the issues with the Residence's foundation; and (b) that Defendant's work on Plaintiff's Residence would be warranted for life; and (c) that Defendant would level, stabilize and secure the foundation of Plaintiff's Residence.

50.    Plaintiff reasonably relied upon Defendant's representations and was justified in so doing.

51.    As a direct and proximate result of Defendant's false and misleading representations, Plaintiff has been damaged suffering economic losses, emotional injuries and distress, mental anguish, annoyance, and inconvenience.

## Count V
## Breach of Express Warranty

52.    Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of this Complaint, as though set-forth verbatim herein.

53.    Defendant expressly warranted the quality of the workmanship of the labor, services and materials provided by Defendant in the repair and/or remediation of the foundation of Plaintiff's Residence.

54.    Defendant deviated from the warranted standards for work and services provided to Plaintiff in the repair and/or remediation of the foundation of her Residence, which caused damage to Plaintiff and her Residence.

55.    As a direct and proximate cause of Defendant's breaches of its express warranties, Plaintiff sustained and will continue to sustain costs, losses, expenses and other damages for which Defendant is liable.

**Count VII**
**<u>Breach of Implied Warranty of Merchantability and Fitness</u>**

56.    Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of this Complaint, as though set-forth verbatim herein.

57.    A warranty that the goods and services to be provided by Defendant pursuant to the Contract were of merchantable and workmanlike quality was implied in the Contract pursuant to the Uniform Commercial Code ("UCC") and the Act.  See W.Va. Codes §§46-2-314 and 46A-6-107.

58.    Defendant breached the implied warranty of merchantability by failing to complete its work on the foundation of Plaintiff's Residence in merchantable and workmanlike quality.

59.    A warranty that the materials and services to be provided by Defendant were fit for the particular purpose for which they were intended was implied by law pursuant to the UCC and the Act.  *See* W.Va. Codes §§46-2-315 and 46A-6-107.

60.    The materials and services provided by Defendant were unfit for the particular purpose for which they were intended.

61.    As a direct and proximate result of Defendant's breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff has sustained losses, expenses, and other damages for which Defendant is liable.

## PRAYER

WHEREFORE, Plaintiff, Angela Walters, demands judgment against Defendant, LUX Construction, LLC d/b/a LUX Foundation Solutions, as follows: (1) compensatory and consequential damages; (2) pre and post judgment interest; (3) damages for emotional injuries, distress, mental anguish, and annoyance and inconvenience; (4) to the extent allowable by law, the costs incurred in litigating this matter, including reasonable attorneys' fees; (5) punitive damages; and (6) such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

**DATED:**  August 11, 2023

**ANGELA WALTERS,**

By:     Hendrickson & Long, PLLC

/s/ John H. Tinney, Jr.
John H. Tinney, Jr. (Bar No. 6970)
John K. Cecil (Bar No. 9511)
HENDRICKSON & LONG, PLLC
214 Capital Street
Charleston, West Virginia 25301
(304) 346-5500
jtinney@handl.com
jcecil@handl.com

9